IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DAVID FLACK, IDOC # M-37830,        )
                                     )
            Plaintiff,               )
                                     )
     vs.                             )    Case No. 14-cv-93-MJR
                                     )
RANDY DAVIS,                         )
                                     )
            Defendant.               )

# MEMORANDUM AND ORDER

**REAGAN, District Judge:**

On January 27, 2014, Plaintiff Flack filed suit in this Court pursuant to 42 U.S.C. § 1983, over conditions at Vienna Correctional Center ("Vienna"). He also filed a motion to proceed *in forma pauperis* ("IFP"), *i.e.*, without prepaying the filing fee (Doc. 2).

According to the online records of the Illinois Department of Corrections ("IDOC"), Plaintiff had been released from IDOC custody and was on parole (mandatory supervised release) at the time he filed the instant complaint.[1] Further, he includes a return address of a residence in Blue Island, Illinois, from which his pleadings were mailed (Doc. 1, p. 7; Doc. 1-2). As such, Plaintiff does not meet the statutory definition of a "prisoner" for purposes of the *in forma pauperis* statute, which states that "[t]he term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h).

---

[1] Website of the Illinois Department of Corrections, Inmate Search page, http://www2.illinois.gov/idoc/Offender/Pages/InmateSearch.aspx (Last visited Feb. 18, 2014). *See Bova v. U.S. Bank, N.A.*, 446 F. Supp. 2d 926, 930 n.2 (S.D. Ill. 2006) (a court may judicially notice public records available on government websites) (collecting cases).

Under 28 U.S.C. § 1915(a)(1), a federal district court may allow a civil case to proceed without prepayment of fees, if the movant "submits an affidavit that includes a statement of all assets [he] possesses [showing] that the person is unable to pay such fees or give security therefor." Plaintiff's motion is incomplete – it appears that he prepared it while he was still incarcerated at Vienna, however, he failed to sign the document as required by Federal Rule of Civil Procedure 11.[2] The document also is undated, and fails to indicate what source(s) of income Plaintiff may have now that he has been released. Accordingly, the motion (Doc. 2) shall be denied. If Plaintiff wishes to seek leave to proceed IFP in this action, he must submit a new motion and affidavit, properly signed and including current information on his income and assets.

Further, 28 U.S.C. § 1915(e)(2) requires careful threshold scrutiny of the complaint filed by an IFP plaintiff. A court can deny a qualified plaintiff leave to file IFP or can dismiss a case if the action is clearly frivolous or malicious, fails to state a claim or is a claim for money damages against an immune Defendant. 28 U.S.C. § 1915(e)(2)(B). The test for determining if an action is frivolous or without merit is whether the plaintiff can make a rational argument on the law or facts in support of the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Corgain v. Miller,* 708 F.2d 1241, 1247 (7th Cir. 1983). An action fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). When assessing a request to proceed IFP, a district court should inquire into the merits of the petitioner's claims, and if the court finds them to be frivolous, it should deny leave to proceed IFP. *Lucien v. Roegner,* 682 F.2d 625, 626 (7th Cir.

---

[2] Rule 11(a) states, in pertinent part: "Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name--or by a party personally if the party is unrepresented. . . . The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention." FED. R. CIV. P. 11.

1982).

Plaintiff's complaint (Doc. 1) is also incomplete and runs afoul of Rule 11. Both the statement of claim and the request for relief (Doc. 1, pp. 4-5) are blank, and the document is unsigned and undated (Doc. 1, p. 6). Plaintiff includes a copy of a grievance he filed in August 2013 over conditions in Vienna's Building 19 (Doc. 1-1, pp. 2-3), as well as several other documents. The response to his grievance indicates that he was housed in a different unit as of August 27, 2013 (Doc. 1-1, p. 2).

The complaint, such as it is, fails to indicate that Defendant Davis (the warden of Vienna) was deliberately indifferent to a known and serious risk to Plaintiff's health or safety due to the conditions under which he was housed at Vienna. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Rhodes v. Chapman,* 452 U.S. 337, 347 (1981). For this reason, and for the violation of Rule 11, the complaint shall be dismissed. However, Plaintiff shall be afforded one chance to submit an amended complaint if he wishes to proceed in this matter. If the amended pleading fails to satisfy the requirements of Rule 11 or fails to survive scrutiny under 28 U.S.C. § 1915(e)(2), this case shall be dismissed with prejudice.

**Disposition**

For the reasons stated above, Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 2) is **DENIED** without prejudice. Likewise, the complaint (Doc. 1) is **DISMISSED** without prejudice.

If Plaintiff wishes to seek leave to proceed as a pauper, he **SHALL SUBMIT** a completed and signed motion for leave to proceed IFP, including current information on his income and assets, within 35 days of the date of this order (**on or before April 9, 2014**). If Plaintiff fails to file his IFP motion as directed herein, this action shall be dismissed, and he

shall be liable for the full $400.00 filing fee.[3]  See FED. R. CIV. P. 41(b); 1915(e)(2); *Lucien v. Jockisch*, 133 F.3d 464, 467-68 (7th Cir. 1998) (fee remains due even where suit is dismissed); *Newlin v. Helman*, 123 F.3d 429, 434 (7th Cir. 1997) (a plaintiff incurs the obligation to pay the filing fee at the time the action or appeal is commenced).

**IT IS FURTHER ORDERED** that, if he wishes to proceed with the claim over the conditions of his confinement in Vienna, Plaintiff shall file his First Amended Complaint, stating any facts which may exist to support his claim, and naming the individual Defendant(s) directly responsible for the alleged constitutional deprivations, within 35 days of the entry of this order (**on or before April 9, 2014**).  An amended complaint supersedes and replaces the original complaint, rendering the original complaint void.  *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004).  The Court will not accept piecemeal amendments to the original complaint.  Thus, the First Amended Complaint must stand on its own, without reference to any other pleading.  Should the First Amended Complaint not conform to these requirements, it shall be stricken.  Plaintiff must also re-file any exhibits he wishes the Court to consider along with the First Amended Complaint.  Failure to file an amended complaint shall result in the dismissal of this action with prejudice.

No service shall be ordered on any Defendant until after the Court completes its merits review of the First Amended Complaint.

In order to assist Plaintiff in preparing his amended complaint, the Clerk is **DIRECTED** to mail Plaintiff a blank form motion to proceed IFP, and a blank civil rights complaint form.

---

[3] Effective May 1, 2013, the filing fee for a civil case was increased to $400.00, by the addition of a new $50.00 administrative fee for filing a civil action, suit, or proceeding in a district court.  *See* Judical Conference Schedule of Fees - District Court Miscellaneous Fee Schedule, 28 U.S.C. § 1914, No. 14.  A litigant who is granted IFP status, however, is exempt from paying the new $50.00 fee and must pay a total fee of $350.00.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: March 4, 2014**

s/ MICHAEL J. REAGAN
United States District Judge